OPINION

DARKLL K. MATLOCK, JR., Chief Justice.
NOW on this 15th of September, 2006, the Defendant/Appellant’s petition for appellant review of the District Court’s order *72 entered by the Honorable Bart Fite, on the 3rd day of March, 2006, in District Court Case No. CV-2005-52 denying the Defendant/Appellant’s motion to join necessary party comes on for review.

(Jane Procedural History

1. The Plaintifi/Appellee, The Loyal Shawnee Cultural Center, Inc., filed its amended petition for breach of contract on the 30th day of September, 2005, against the Defendant/Appellant, Peace Pipe, Inc., alleging among other things that the Defendant/Appellee failed to pay to the Plaintiff/Appellant monies due it under a contract wherein the parties were co-lessees concerning a smoke shop.
2. The Defendant/Appellant, Peace Pipe, Inc., filed its answer to the Plaintiff/Appellee’s amended petition on October 19, 2005, denying all allegations of the Plaintiff/Appellee’s amended petition except admitting that Defendant/Appellant, Peace Pipe, Inc., was in the business of operating smoke shops under a license granted by the Cherokee Nation, and, setting forth the affirmative defenses of Failure of Consideration, Statute of Frauds, Statute of Limitations, Waiver Estoppel and Latches.
3. There have been numerous other motions filed by the parties yet to be ruled on by the District Court.
4. The Defendant/Appellant, Peace Pipe, Inc., filed a motion to join necessary party on January 9, 2006, requesting the Court for an order compelling the Plaintiff/Appellee, The Loyal Shawnee Cultural Center, Inc., to join the Shawnee Tribe of Indians as a necessary party to these proceedings citing Rule 19 of the Federal Rules of Civil Procedure as authority.

Discussion

Both parties agree that Judge Fite made a finding that the Shawnee Tribe of Indians was a necessary party. The record does not indicate that the Trial Court found the Shawnee Tribe of Indians to be an indispensable party, and, the Court entered the order that the Defendant/Appellant’s motion should be denied.
Rule 19 of the Federal Rules of Civil Procedure has a two tier test to determine whether the Trial Court has discretion in ordering the joinder of a third party. If the Trial Court finds that the Shawnee Tribe of Indians is an indispensable party for determination of the issues between the Plaintiff/Appellant and the Defendant/Appellee, then the Court would be compelled to order the joinder of the Shawnee Tribe of Indians; or, if the Court finds that the joinder of the Shawnee Tribe of Indians may be necessary to avoid a second proceeding to determine issues between the Plaintiff/Appellant and Shawnee Tribe of Indians concerning the same subject matter, then the Trial Court has discretion in the orderly administration of his cases, to determine the joinder of third parties.
Rule 19 of the Federal Rules of Civil Procedure also allows the Trial Court discretion in the manner in which third parties are joined. This reviewing Court takes note that the Trial Court indicated that the Defendant/Appellant could join the Shawnee Tribe of Indians.
For these stated reasons this Court affirms the Trial Court’s order dated March 3, 2006, denying the Defendant/Appellant’s motion to compel the Plaintiff/Ap-pellee to join the Shawnee Tribe of Indians.
IT IS THEREFORE ORDERED by the Court that the Trial Court’s order dated March 3, 2006, denying the Defendant/Appellant’s motion to compel the Plaintifi/Appellee to join the Shawnee *73 Tribe of Indians is affirmed and the case is remanded to the District Court for further proceedings.